IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSIE SANCHEZ MILLER,<br><br>Defendant. | CR 20-12-BLG-DLC-1<br><br>**ORDER** |

Defendant Josie Sanchez Miller ("Miller") has filed a Motion to Reopen Detention Hearing under 18 U.S.C § 3142, along with a brief in support, citing the COVID-19 public health crisis and Miller's advanced age (77-years old) as reasons for release pending trial. (Docs. 48 & 49.) The United States filed a response brief on April 7, 2020. (Doc. 52.) This matter is fully brief, and for the following reasons Miller's motion is DENIED.

**I.    BACKGROUND**

Miller made an initial appearance on a criminal complaint on January 13, 2020. (Docs. 1 & 2.) A detention hearing was subsequently held on January 17, 2020, and this Court ordered Miller detained. (Docs. 14 & 19.) The Court found by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. (Doc. 19 at 2.) In addition, the Court cited several factors which weighed against

Miller's release, including a lengthy period of incarceration if convicted; prior criminal history; prior participation in criminal activity while on probation, parole, or supervision; a history of alcohol or substance abuse; and prior violations of probation, parole, or supervised release. (*Id.* at 2-3.)

Miller was subsequently indicted on February 5, 2020. (Doc. 20.) Miller appeared for arraignment on February 11, 2020 and was remanded into custody on the previous detention order. (Doc. 25.)

Miller has subsequently filed the instant motion to reopen her detention hearing. (Doc. 48.)

## II.  DISCUSSION

Miller moves to reopen her detention hearing pursuant to 18 U.S.C. § 3142(f). (*Id.*) Under that section, a judicial officer may reopen a detention hearing at any time before trial "if the judicial officer finds that information exists that was not known to the movant at the time of the detention hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

Miller also requests temporary release under 18 U.S.C. § 3142(i). (Doc. 49 at 2.) Section 3142(i) permits the temporary release of a defendant if "the judicial

officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i).

First, under § 3142(f), Miller argues that information relating to COVID-19 was not available to the Court when she was detained. (Doc. 49 at 2.) Miller asserts that because the COVID-19 health crisis was unknown at the time of detention, the Court could not consider her advanced age—77-years-old—and the high risk it poses under CDC guidelines. (*Id.*) Miller also asserts that inmates at Bighorn County Jail in Basin, Wyoming, are likely at a heightened risk of contracting COVID-19 should an outbreak develop and if she contracts the virus, she is likely to die. (*Id.*)

Second, Miller argues for temporary release under § 3142(i), which permits temporary release if necessary for the preparation of the detainee's defense or for a compelling reason. (*Id.*) Counsel for Hanson asserts that his own advanced age and his wife and daughter's asthma places his family at high risk of contracting COVID-19, and therefore it is inadvisable for him to visit Miller at Bighorn County Jail. (*Id.*) Counsel argues it is impossible to establish an attorney-client relationship and formulate Miller's defense under those circumstances. (*Id.*)

The United States responds that Miller remains a danger to the community and has not asserted compelling reasons to warrant release. (Doc. 52 at 2.) The United States asks the Court to deny the motion. (*Id.*)

3

In recent weeks, U.S. District Courts across the country have considered a large volume of motions to reopen detention hearings predicated on the current COVID-19 public health crisis under § 3142's provisions. In considering those motions, several courts have recognized that release based on a defendant's concerns of heightened COVID-19 risk if incarcerated is not appropriately addressed under § 3142(f). *See e.g.*, *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020). The Court agrees with the reasoning of those decisions. As quoted above, § 3142(f) requires that the new information relied upon have a material bearing on whether there are conditions of release that will reasonably assure the appearance of the person and the safety of the community. Miller's concern for COVID-19 does not relate to findings that she is a danger to the community. To reopen Miller's detention hearing premised solely on COVID-19 would justify such action for any detainee concerned about the virus, with no regard for § 3142's requirements.

Instead, many courts have found that the determination of whether a defendant's circumstance warrants temporary release due to COVID-19 is more suitably considered on a case-by-case basis under § 3142(i)'s "compelling reason" grounds. In *United States v. Clark*, the court elucidated four, non-exclusive factors to be considered when evaluating a motion for temporary release under § 3142(i) based on COVID-19: (1) original grounds for pretrial detention; (2) specificity of

4

the defendant's stated COVID-19 concerns; (3) extent the proposed release plan mitigates or exacerbates other COVID-19 risks to the defendant; and (4) likelihood defendant's proposed release would increase COVID-19 risks to others. *Clark*, 2020 WL 1446895 at *3. The court advised that these factors would not be necessarily weighed equally but would be considered "as a whole to help guide the court's determination as to whether a 'compelling reason' exists such that temporary release is 'necessary.'" *Id.* While these factors are certainly not exclusive, this Court finds the reasoning in *Clark* to be sound, and the guidance provided to be helpful.

Applying the *Clark* factors here does not support Miller's release. First, Miller was ordered detained after the Court found that no combination of conditions would assure the safety of any other person and the community. (Doc. 19 at 2.) The Court's determination cited the weight of evidence against Miller was strong; she is subject to a lengthy period of incarceration if convicted; a prior criminal history; prior participation in criminal activity while on probation, parole, or supervision; a history of alcohol or substance abuse; and prior violations of probation, parole, or supervised release. (*Id.* at 2-3.) The Court further explained:

> Evidence was introduced at the detention hearing that Defendant was involved in trafficking multiple pound quantities of methamphetamine. Law enforcement conducted several large-scale controlled buys of methamphetamine in Defendant's home, one of which also involved the sale of a firearm. Defendant also has prior convictions of drug

5

>trafficking. She has done very poorly on both pretrial release and supervised release, and has been subject to several revocations.

(*Id.* at 3.)

Miller's criminal history, with two prior federal felony convictions for crimes related to illicit substances, and demonstrable violations of supervised release weighed heavily against release in the first instance. Miller is currently charged with serious controlled substance offenses providing a mandatory minimum ten years to life imprisonment if convicted. (*See* Doc. 20.) Moreover, there is nothing in Miller's proposed release plan that would address the Court's danger concerns. Miller only asserts that she is a long-time resident of Billings and owns a home there. (Doc. 49 at 2.) The Court does not consider this a release plan, much less one that addresses the concerns this Court articulated at Miller's detention hearing. The Court agrees with the United States that Miller remains a danger to the community if released.

Second, with respect to a specific COVID-19 risk, Miller states that she is advanced in age at 77. This places her in a high-risk category and certainly presents a legitimate concern for contracting the virus. But age alone does not present a compelling reason warranting temporary release. No COVID-19 cases have been reported at her current detention facility.[1] (Doc. 52 at 7.) No showing

---

[1] The Court acknowledges that the United States' brief places Miller in custody at Basin County Detention Facility. (Doc. 52 at 7.) The United States Marshall

has been made that the virus is present at the facility. In addition, Bighorn County Jail has taken precautionary measures, such as no public access and visitor cancellation, daily employee temperature screening, and enhanced sanitation. (Doc. 52-1.) Miller has made no showing that these measures are insufficient.

Third, Miller has not addressed the extent to which her proposed release mitigates or exacerbates other COVID-19 risks to her, or how her risk of exposure is any different inside Bighorn County Jail from outside. Again, Miller hasn't really advanced any sort of release plan at all. While detained at Bighorn, Miller has access to health care within the facility. (*See* Doc. 52-1 at 7, ¶ F.) There has been no showing that the facility's medical treatment is insufficient or has been negligent, or that it would be unable to provide appropriate medical care if Miller became ill. Further, she has not shown a proposed release plan that would be medically superior.

Fourth, Miller has not addressed how her proposed release mitigates any risk she poses to others; or how the community to which she wishes to be released would be affected or potentially affect her. In addition, as discussed above, Miller has an extended history of noncompliance with supervision. As noted in *Clark*, a

---

Service lists Miller in custody at Bighorn County Jail in Basin, Wyoming, and the United States attached as an exhibit a memorandum from Bighorn County Jail Capt. Debbie Cook re: Precautions-COVID-19. (*See* Doc. 52-1.) Defendant also refers to incarceration at Bighorn County Jail in Basin, Wyoming.

defendant who is unable to comply with conditions of release places law enforcement and pretrial services officers at increased risk if the defendant violates conditions of pretrial release and must be arrested and returned to custody.

Therefore, considering the factors outlined in *Clark*, the Court finds that COVID-19 does not constitute a compelling reason for Miller's temporary release.

Miller also asserts, however, that she should be released under the provision of § 3142(i) which allows for temporary release when necessary for the preparation of her defense. The Court appreciates the challenges confronting Defense Counsel in effectively representing incarcerated defendants in our current environment. Nevertheless, it has not been shown that either Miller or her Counsel will be placed at less risk if Counsel is required to travel from his location in Gallatin County to Billings for in-person client conferences; nor has it been shown that the risk of infection would be decreased if Miller were to travel to Gallatin County for conferences, which has the highest number of positive COVID-19 cases in the state. For the time being, Counsel has access to Miller via telephone. Given that the State of Montana is under a shelter-in-place order, telephone is how the great majority of business is currently being conducted in the state. While not ideal, Counsel has not shown why he cannot appropriately confer with Miller, review discovery in the case, and properly advise Miller by telephone.

The Court will, therefore, deny Miller's motion. The denial will be made without prejudice, however, with leave to renew if circumstances materially change with respect to the COVID-19 pandemic, and Miller is able to make a showing that release is necessary for compelling reasons under 18 U.S.C § 3142(i).

Accordingly, IT IS ORDERED that the motion (Doc. 48) is DENIED, without prejudice.

DATED this 14th day of April, 2020.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge